**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**MICHAEL CURTIS REYNOLDS.,**     :

                                              **CIVIL ACTION NO. 3:23-1850**

                         **Petitioner**     :

                                              **(JUDGE MANNION)**

              **v.**                      :

**WARDEN RICKARD**                  :

                   **Respondent**      :

**MEMORANDUM**

Petitioner, Michael Curtis Reynolds, an inmate confined in the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.

Reynolds seeks to collaterally attack the validity of his federal conviction and sentence imposed by arguing that the recent decisions of the Third Circuit in Range v. Att'y Gen. United States of Am., 69 F.4th 96 (3d Cir. 2023) and the District Court in United States v. Quailes, No. 1:21-CR-0176, 2023 WL 5401733 (M.D. Pa. Aug. 22, 2023) (Wilson, J.) render his conviction and sentence unconstitutional. (Doc. 1).

A response (Doc. 28) and traverse (Doc. 32) having been filed, the action is ripe for disposition. For the reasons set forth below, the Court will deny Petitioner's §2241 petition without prejudice for lack of jurisdiction.

I. **Background**

Reynolds was convicted in July 2007 in the United States District Court for the Middle District of Pennsylvania and sentenced to a total of 360 months on five counts: attempting to provide material support to a foreign terrorist organization (18 U.S.C. §2339B); attempting to provide material support to damage an interstate gas pipeline facility by means of force or explosive (18 U.S.C. §§2339A(a) & 2); soliciting others to damage an interstate pipeline facility by means of force or explosive (18 U.S.C. §373); distributing information through the internet on the manufacture and use of an explosive device (18 U.S.C. §842(p)(2)); and possession of a grenade (18 U.S.C. §§5841, 5861(d), & 5871). United States v. Reynolds, Criminal No. 05-CR-493 (M.D. Pa.).

On March 18, 2010, the United States Court of Appeals for the Third Circuit affirmed Reynolds' convictions. United States v. Reynolds, 374 Fed.Appx. 356 (3d Cir. 2010).

Reynolds' original attempt to collaterally attack his conviction under 28 U.S.C. §2255 was dismissed on the merits on August 15, 2012. Reynolds v. United States, Case No. 05-CR-493, 2012 WL 12981962 (M.D. Pa.).

Since the denial of his §2255 motion, Reynolds has been a prolific filer of unauthorized successive §2255 petitions, with at least twelve (12) filed in

this District alone.[1] See Reynolds v. United States, Case No. 18-CV-1093 (M.D. Pa., Doc. 9, June 14, 2018); Reynolds v. United States, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018); United States v. Reynolds, Appeal No. 13-4195 (3d Cir. Feb. 12, 2014); Reynolds v. United States, Case No. 18-CV-1093 (M.D. Pa., Doc. 9, June 14, 2018); Reynolds v. United States, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018); see also Reynolds v. Bledsoe, Case No. 08-cv-909 (M.D. Pa.); Reynolds v. Kosik, Case No. 08-cv-293 (M.D. Pa.); Reynolds v. Martinez, Case No. 08-cv-2094 (M.D. Pa.); Reynolds v. United States, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018); Reynolds v. United States, Case No. 18-CV-1093 (M.D. Pa., Doc. 9, June 14, 2018); Reynolds v. Williams, Civil No. 3:21-cv-1867 and on November 15, 2021, Reynolds filed Reynolds v. Williams, Civil No. 3:21-cv-1934.

---

[1] Petitioner is no stranger to other Courts. In Reynolds v. United States, No. 22-cv-3-SMY, 2022 WL 17813330 (S.D. Ill. Dec. 13, 2022), the United States District Court for the Southern District of Illinois noted that Reynolds had filed at least fifteen (15) unsuccessful §2241 habeas petitions in the Southern District of Illinois. See Reynolds v. Williams, Case No. 22-CV-1429-JPG (S.D. Ill. Sep. 30, 2022, Doc. 6) (listing Reynolds' habeas petitions in this District). The District Court found that "these petitions are repetitive and similar in nature, invoking Mathis v. United States, 136 S.Ct. 2243 (2016), Rule 60/Hazel-Atlas, and the significance of his 1978 prior conviction," and that "Reynolds often files new petitions while older ones remain pending". Reynolds, 2022 WL 17813330 at *1.

By Order dated October 10, 2018, the United States Court of Appeals granted Reynolds' application under 28 U.S.C. §§2244 and 2255 to file a second or successive §2255 motion, in light of United States Supreme Court's decisions in Sessions v. Dimaya, 138 S.Ct. 1204 (2018), Welch v. United States, 136 S.Ct. 1257 (2016), and Johnson v. United States, 135 S.Ct. 2551 (2015). In re: Michael Curtis Reynolds, C.A. No. 16-4143. The Third Circuit directed that Reynolds' application be transferred to the Middle District and that the parties should discuss, among other relevant issues, the significance of the Third Circuit's recent decision in United States v. Green, 898 F.3d 315 (3d Cir. 2018). Id.

By Memorandum and Order dated September 26, 2019, the late Honorable A. Richard Caputo, relying on the concurrent sentence doctrine, denied Reynolds' authorized successive §2255 motion finding that his claim for relief was not actionable because his custody status would not change even if the proposed relief was granted. Reynolds v. United States, Case No. 05-CR-493, 2012 WL 12981962 (M.D. Pa.) (Doc. 662, at 4). Specifically, Judge Caputo found that any challenge to Count 4 would not affect Reynolds' custody seeing that defendant was also lawfully sentenced at Counts One, Two, Three, and Six, all counts which were not impacted by the Supreme Court's decisions in Dimaya, Welch, and Johnson. Id.

- 4 -

Additionally, in the same decision, Judge Caputo also denied approximately forty (40) additional motions for relief Reynolds had filed between October of 2018 and September of 2019. Each of these requested similar relief regarding the defendant's actual innocence. Judge Caputo construed each of these motions as second or successive motions under 28 U.S.C. §2255 and dismissed them for being filed without prior authorization. Id.

On November 2, 2020, Reynolds filed, in his criminal case, a one hundred and eighty-nine (189) page motion under 18 U.S.C. §3582(c)(1)(A) requesting a sentence reduction for extraordinary and compelling reasons and his immediate release from the custody of the Bureau of Prisons (BOP).[2] In the motion, Reynolds claims that the staff at FCI-Greenville are not complying with COVID-19 restrictions thereby placing his health and life at risk. Reynolds v. United States, Case No. 05-CR-493, 2012 WL 12981962 (M.D. Pa.) (Doc. 691). By Order dated February 10, 2021, this Court denied

---

[2] The Covid-19 claim for relief constitutes a small percentage of the lengthy motion. While the factors related to the Reynolds' health are mentioned in both the beginning and conclusion of the motion, and there is a brief six-page interlude in Pages 59-65 of the motion about conditions in FCI-Greenville, the remainder of the 182 pages of the motion re-argue the defendant's legal challenges to his trial and sentence, including the issues decided in Reynolds' previous §2255 motions described above.

Reynolds' motion for reduction of sentence under 18 U.S.C. §3582(c)(1)(A). Reynolds v. United States, Case No. 05-CR-493, 2012 WL 12981962 (M.D. Pa.) (Doc. 725).

On November 20, 2020, Reynolds filed Reynolds v. Williams, Case No. 3:20-cv-2178, 2021 WL 4033131 (M.D. Pa., Sept. 3, 2021) in which he raised the identical COVID-19 claims he raised in his 18 U.S.C. §3582(c)(1)(A) motion, as well as raises the same collateral attack on Count 4 of his conviction. Id. By Memorandum and Order dated September 9, 2021, the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, was dismissed for lack of jurisdiction and Reynolds' request for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A) was denied for the reasons set forth in this Court's February 10, 2021 Order. Id.

On April 19, 2021, Reynolds again filed a motion for compassionate release citing many of the same considerations in his earlier motion, including his family medical history, personal medical history, the alleged lack of license of the BOP doctor at FCI-Greenville, and repeating the claim that his conviction and sentence were unconstitutional under Davis and Dimaya. Reynolds v. United States, Case No. 05-CR-493, 2012 WL 12981962 (M.D. Pa.) (Doc. 743).

On April 28, 2021, this Court again denied Reynold's motion for compassionate release. Reynolds subsequently appealed various orders from this Court, including the February 28, 2021, and April 28, 2021, orders denying Reynolds compassionate release, and this Court's March 29, 2021, order denying reconsideration. The Third Circuit, in Case Numbers 21-1438, 21-1742, and 21-1923, affirmed this Court's decisions. In particular, in Case 21-1923, the Third Circuit found that Reynolds multiple supplemental motions concerning the constitutionality of his conviction and sentence "would only be available to him through a second or successive motion under 28 U.S.C. 2255," and that the Third Circuit had "previously denied his requests for authorization to file another 2255 motion to raise the arguments advanced in the supplemental documents filed in this appeal." United States v. Reynolds, No. 21-1923, 2021 WL 4956071 (3d Cir., Oct. 26, 2021 at 6, n.4).

On March 31, 2021, Reynolds also sought a preliminary injunction in the Southern District of Illinois, claiming that the conditions of his incarceration in FCI-Greenville subjected him to imminent risk or harm due to the on-going COVID-19 pandemic. (Doc. 11-6, Docket for Reynolds v. Ahmed, S.D. Ill. No. 3:21-CV-345). In his motion, Reynolds claimed staff members at FCI-Greenville failed to secure his safety and well-being, and,

most prominently, that one of the doctors at FCI-Greenville was not a licensed physician. Id. Reynolds repeats these claims in the instant petitions for writ of habeas corpus. On August 30, 2021, United States District Judge Stephen P. McGlynn, denied Reynolds various motions. Judge McGlynn found that "nothing in the record indicates that Dr. Ahmed knowingly delayed treatment, and that Reynolds experienced prolonged suffering due to Dr. Ahmed's conduct. Id.

On November 2, 2021, Reynolds filed Reynolds v. Williams, Civil No. 3:21-cv-1867 and on November 15, 2021, Reynolds filed Reynolds v. Williams, Civil No. 3:21-cv-1934, both which repeated the previously decided motions concerning the conditions at FCI-Greenville during the on-going COVID-19 pandemic[3] and the constitutionality of his sentence and conviction under Davis, Dimaya, and Johnson. By Order dated April 28, 2022, both cases were consolidated and dismissed without prejudice for lack of jurisdiction. See Reynolds v. Williams, 3:21-cv-1867, 2022 WL 1271142 (M.D. Pa. Apr. 28, 2022).

---

[3] The proper grounds for Reynolds to seek the relief he desires was to appeal District Court Judge McGlynn's dismissal order in the Southern District of Illinois.

- 8 -

On November 7, 2023, Reynolds filed the instant action, in which he argues that the recent decisions of the Third Circuit in Range v. Att'y Gen. United States of Am., 69 F.4th 96 (3d Cir. 2023) and the District Court in United States v. Quailes, No. 1:21-CR-0176, 2023 WL 5401733 (M.D. Pa. Aug. 22, 2023) (Wilson, J.) render his conviction for violating 18 U.S.C. §922(g)(1) and sentence unconstitutional. (Doc. 1). Reynolds also argues that his 1978 conviction for Attempted Arson in the Fourth Degree in New York State was unconstitutional, that any evidence obtained by reference to the 1978 Attempted Arson in his federal criminal case was tainted, and that his Fourth, Fifth, Sixth, and Fourteen Amendment Rights were violated. (Doc. 1 at 15). For relief, Reynolds requests a hearing to present testimony from witnesses that his claims were precluded from trial and to compel the production of all evidence purportedly withheld by the Government, "such as [c]ompelling the production of all file contents, complete and unredacted of Case #10-cv-3813, [n]otes and all papers ever produced, to Petitioner and this Court, prior to that Hearing, or other Court deemed appropriate relief."[4] Id.

---

[4] To the extent that Petitioner seeks discovery, Federal Rules of Civil Procedure regarding discovery do not apply in §2241 habeas petitions. Harry v. Nelson, 394 U.S. 286, 294-299 (1969).

Subsequent to the filing of his petition, Reynolds filed several motions in which he reiterates his arguments in support of his claims and requests various forms of relief including emergency hearings and immediate release. (Docs. 17, 25, 27, 29, 33, 34).

## II. Discussion

Reynolds argues that the recent decisions in <u>Range</u> and <u>Quailes</u>[5] render his conviction "void" and his sentence "unconstitutional." (Doc. 1 at 2-14).  Reynolds' petition and attached documentation are replete with perceived procedural and factual issues with his arrest, indictment, trial, conviction, and pre-sentence report (PSR) for his criminal case, particularly as it relates to his 1978 attempted arson conviction and claims of actual innocence. (Doc. 1-1).

---

[5] <u>Quailes</u> involved an as-applied challenge to Section 922(g)(1) by a defendant with four prior state convictions for felony drug offenses. <u>Id</u>. at *1. On reconsideration, the district court in <u>Quailes</u> found that there was an intervening change in the controlling law, based on the decision in <u>Range</u>, and dismissed the defendant's indictment because the Government did not meet its burden to establish that 922(g)(1) is consistent with the Nation's "historical tradition of firearm regulation." <u>Id</u>. at *2, *9.

Although not convicted under 18 U.S.C. §922(g)(1), Reynolds argues that <u>Quailes'</u> rationale should apply to his conviction of possession of an explosive grenade not properly registered in violation of 26 U.S.C.A. §5841, 5861(d), 5871. (Doc. 1).

Federal prisoners seeking post-conviction relief from their judgment of a conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255 in the sentencing court, which is "already familiar with the facts of the case." See Boumediene v. Bush, 553 U.S. 723, 774-75 (2008); 28 U.S.C. §2255(e).

While various Courts of Appeals had previously held that, under certain very limited circumstances, a prisoner could resort instead to a §2241 petition, the United States Supreme Court recently overruled these decisions, holding that a prisoner may not resort to challenging his conviction through a §2241 petition unless "unusual circumstances make it [essentially] impossible ... to seek relief in the sentencing court" such as where the sentencing court no longer exists. See Jones v. Hendrix, 599 U.S. 465 (2023). As a result, so long as it is not essentially impossible to pursue a §2255 motion at all, federal law permits "only two [ ] conditions in which" a petitioner who has previously had a §2255 motion denied to file another collateral attack on his conviction or sentence – those laid out in §2255(h) for the authorization of a second or successive motion by the applicable court of appeals, Id. at *7. A petitioner who has already filed a §2255 motion and been denied relief through such a motion who cannot meet these

gatekeeping requirements may not resort to a habeas petition brought pursuant to 28 U.S.C. §2241 to challenge his conviction or sentence. Id.

Because Reynolds meets neither of the gatekeeping requirements for the authorization of a second or successive §2255 motion, he may not resort to his current habeas petition to raise his claims. Id. Therefore, this Court must dismiss Reynolds' habeas petition for lack of jurisdiction. To the extent Reynolds wishes to continue to challenge his conviction and sentence, he may do so only through seeking and being granted leave to file a second or successive motion to vacate sentence by the Court of Appeals for the Third Circuit. Id.

## III. Conclusion

For the foregoing reasons, Reynolds' petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed for lack of jurisdiction.

An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 29, 2024**
23-1850-01

- 12 -